IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RUDOLPH LACADEN, #A6111431, | NO. 1:19-cv-00063 LEK-KJM |
| Petitioner, | ORDER FOR CLARIFICATION |
| vs. | |
| STATE OF HAWAII, | |
| Respondent, | |

## I. **INTRODUCTION**

Before the court is pro se Petitioner Rudolph Lacaden's pleading, titled, "Proceeding Motion for Reconsideration," that is also labeled "In the United States District Court for the District of Hawaii." ECF No. 1. Lacaden signed this document on January 27 and sent it to the Hawaii First Circuit Court (circuit court) on January 28, 2019. *See* ECF No. 1-2. The circuit court forwarded it to this court, which received and filed the document on February 4, 2019.

Because Lacaden seeks "early release due to personal life style," and pleads for the "courts to con[s]ider this injun[c]tion on my behalf to grant me

freedom," the Clerk of Court opened this action as a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody and issued a Deficiency Order directing Lacaden to pay the filing fee or submit an in forma pauperis application. ECF Nos. 1, 2.

## II. DISCUSSION

Lacaden is apparently awaiting prosecution in two state criminal proceedings: *State v. Lacaden*, 1FFC-19-0000046 (active, updated 01/23/2019); and 1FFC-19-0000028 (inactive, updated 01/17/2019) (Haw. 1st Cir. 2019), avail: https://jimspss1.courts.state.hi.us/JEFS. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (holding court "'may take notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue'"). In exchange for consideration for early release, Lacaden promises to obtain a job, housing, and life insurance.

First, because Lacaden has never been a party to any criminal or civil action in the federal courts, there are no decisions for this court to "reconsider."

Rather, because he sent the document to the circuit court, and has two criminal proceedings pending before that court, it appears that Lacaden seeks reconsideration of a determination by the circuit court regarding release from state custody pending trial.

Second, Lacaden raises no federal bases for granting a writ of habeas corpus, as required under § 2254. *See* 28 U.S.C. § 2254(a) (stating a federal court may entertain a petition under this section "only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States). The "Petition" is therefore subject to summary dismissal pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Third, if Lacaden is awaiting prosecution in the circuit court, this federal court is likely required to abstain from adjudicating any claims regarding his criminal proceedings pursuant to *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Under *Younger*, federal courts may not stay or enjoin pending state criminal

proceedings, or grant monetary damages for constitutional violations arising from them absent extraordinary circumstances. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986).

Abstention is appropriate when: (1) the state court criminal proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003). A federal court may otherwise exercise jurisdiction only when state proceedings are conducted in bad faith or extraordinary circumstances exist. *Baffert*, 332 F.3d at 617.

## II. CONCLUSION

Based on the foregoing, it is unclear whether Lacaden intended to open a habeas action in this federal court or sought relief in the Hawaii First Circuit Court and simply mislabeled his pleading. Lacaden is ORDERED to clarify his intent in sending his

4

"Proceeding Motion for Reconsideration," to the state circuit court, in writing on or before March 8, 2019.

*If* Lacaden intended to seek reconsideration for early release from the Hawaii First Circuit Court regarding his state criminal proceedings, this court will dismiss this action and vacate the Deficiency Order.

*If* Lacaden intended to commence a federal action for writ of habeas corpus pursuant to 28 U.S.C. § 2254, he must clarify this in writing by the above deadline, and this federal habeas action will proceed.

IT IS SO ORDERED.

DATED: HONOLULU, HAWAII, February 14, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Lacaden v. State,* No. 1:19-cv-00063 LEK-KJM; Nondisp Ord '19 (Ord to clarify)